IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GULBANOO SALEEM MANORI,

                Plaintiff,

v.

JEH JOHNSON, Secretary of U.S.
Department of Homeland Security,
LEON RODRIGUEZ, Director of
U.S. Citizenship and Immigration
Services, and BRETT R.
RHINEHART, Director of Atlanta
Field Office, U.S. Citizenship and
Immigration Services,

                Defendants.

1:14-cv-3953-WSD

## OPINION AND ORDER

This matter is before the Court on Defendants Jeh Johnson's, Leon Rodriguez's, and Brett R. Rhinehart's (collectively, "Defendants") Motion to Dismiss ("Motion") [4] Plaintiff Gulbanoo Saleem Manori's ("Plaintiff") "Complaint for Writ of Mandamus and Declaratory Judgment" ("Complaint") [1].

### I.   BACKGROUND

Plaintiff, in her Complaint, asserts that she is a native and citizen of Pakistan residing in the United States. (Compl. ¶ 9). In 1998, Plaintiff entered into the United States without inspection. (Compl. Ex. B [1.2] at 1). At some point,

Plaintiff married a lawful permanent resident of the United States, who filed an I-130 Petition for Alien Relative ("I-130 Petition"), on Plaintiff's behalf. (Compl. ¶ 10). Plaintiff asserts that section 245 of the Immigration and Nationality Act ("INA") allows certain aliens—like Plaintiff—who entered the United States without inspection and admission, to file an application for an adjustment of status to permanent resident status ("I-485 Application") if the alien: (1) is the beneficiary of an [I-130 Petition] that was properly filed on or before April 30, 2011; (2) was physically present in the United States on December 21, 2000; and (3) pays a $1,000 filing fee. The Attorney General maintains exclusive discretion to "adjust the status of the alien to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(i)(2).[1] (Compl. ¶¶ 23-26); see also 8 C.F.R. § 251.1(i); 8 U.S.C. § 1255(i). Plaintiff asserts that because her I-130 Petition was approved, she "is eligible to receive an immigrant

---

[1] This grant of authority to the Attorney General has been delegated to the Department of Homeland Security ("DHS") and to its agency, the United States Citizenship and Immigration Services ("USCIS"). 8 U.S.C. § 1103(a); 6 U.S.C. §§ 271(b), 557; 8 C.F.R. § 245.2. The Court notes that Defendants are employees of the DHS and USCIS and thus have the authority to adjudicate Plaintiff's I-485 Application. E.g., Li v. Gonzales, No. 06-5911 (SRC), 2007 WL 1303000, at *3 n.1 (D.N.J. May 3, 2007).

2

visa and is clearly admissible to the U.S." (Id. ¶ 26); see also 8 U.S.C. § 1255(i)(2).

On June 20, 2011, Plaintiff filed her I-485 Application with the USCIS. (Compl. ¶ 11). On November 18, 2011, Defendants requested that Plaintiff submit evidence to prove she was physically present in the United States on December 21, 2000.[2] In response to Defendants' request, Plaintiff submitted "letters from individuals who attested that Plaintiff was in the United States in 2000." (Compl. ¶ 13). On January 5, 2012, Plaintiff's I-485 Application was denied. Defendants informed Plaintiff that the letters did not qualify as official government documents, and were thus insufficient to establish her presence. (See Compl. Ex. B [1.2] at 2).

On January 31, 2012, Plaintiff filed a Motion to Reopen her I-485 Application, which was denied on April 5, 2013.[3] (Compl. ¶¶ 15-16). On

---

[2] Defendants requested that Plaintiff present evidence "includ[ing] but not limited to Social Security contribution statements, school records for [herself] and/or children with [her] being listed as parent/guardian, hospital visits, pay stubs, etc . . . ." (Compl. Ex. B [1.2], at 2).

[3] USCIS regulations provide that "[a]n applicant has thirty days to file a motion to "reopen the proceeding or reconsider the prior decision." See 8 C.F.R. 103.5(a)(1)(i).

April 29, 2013, Plaintiff moved for reconsideration of the USCIS's decision. ("Motion to Reconsider").[4] (Compl. ¶ 17).

On December 12, 2014, Plaintiff filed this action seeking mandamus relief to compel Defendants to adjudicate her Motion to Reconsider.[5] Plaintiff asserts that Defendants' delay in reaching a decision amounts to an unlawful withholding or unreasonable delay of a decision in violation of the Administrative Procedures Act, 5 U.S.C. §§ 701, et seq. (the "APA"). Plaintiff claims that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1361, the APA, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

On February 13, 2015, Defendants filed their Motion seeking dismissal of this action for lack of subject matter jurisdiction. Defendants assert that Plaintiff's

---

[4] Plaintiff explained in her Motion to Reconsider that "it was realistically impossible to submit concrete evidence of her presence on December 21, 2000, such as school records, lease agreements, and hospital records," and instead submitted "pictures; sworn affidavits; a letter from her physician stating that she had been a patient since October 2001, a letter from Clayton County Health Department regarding Plaintiff's son, Sohail Manori, and his immunization record[s] for school purposes, dated August 20, 1998; and numerous letters from church members and friends, attesting to Plaintiff's presence in the United States, prior to December 21, 2000." (Compl. ¶ 15)

[5] Plaintiff seeks a writ of mandamus "requiring Defendants to immediately adjudicate Plaintiff's [Motion to Reconsider] based on the USCIS error" and "requiring Defendants, upon the adjudication of Plaintiff's Motion [to Reconsider], to reconsider the improper denial of her application to adjust status to permanent residence." (Compl. at 8).

claims are moot because on January 8, 2015, while this action was pending, the USCIS adjudicated and denied Plaintiff's Motion to Reconsider.  (See [4.1]).

On February 27, 2015, Plaintiff filed a Response to Defendants' Motion ("Response") [5].  Plaintiff's Response appears to assert, for the first time, that Defendants violated her due process rights under the United States Constitution because Defendants did not properly consider the evidence that Plaintiff submitted throughout their adjudication proceedings on her I-485 Application.  Plaintiff appears to seek mandamus relief from this Court to now compel Defendants to review and reverse their decision to deny Plaintiff's I-485 Application.

The Court first considers whether it has subject matter jurisdiction in this action.

**II.   DISCUSSION**

   A.   Legal Standard

 "The federal courts lack subject matter jurisdiction to decide moot questions because federal courts are empowered to decide only 'cases or controversies' within the meaning of Article III of the United States Constitution."
Kassama v. Chertoff, No. 1:08-cv-0860-WSD, 2008 WL 2227504, *1 (N.D. Ga. May 27, 2008) (internal citation omitted).  "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful

relief." Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dept. of Health and Rehab. Servs., 225 F.3d 1208, 1217 (11th Cir. 2000) (quoting Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993)) (internal citation omitted).  When an intervening event renders an issue on appeal moot, "[f]ederal courts do not have jurisdiction under the Article III 'Case or Controversy' provision of the United States Constitution to decide [the questions of law raised]." United States v. Shenberg, 90 F.3d 438, 439 (11th Cir. 1996) (quoting Westmoreland v. Nat'l Transp. Safety Bd., 833 F.2d 1461, 1462 (11th Cir. 1987)).

    B.    Analysis

        1.    Plaintiff's Complaint

On December 12, 2014, Plaintiff initiated this action seeking mandamus relief to compel Defendants to rule on her Motion to Reconsider.  On January 8, 2015, while this action was pending, the USCIS denied Plaintiff's Motion to Reconsider.  Defendants' adjudication of Plaintiff's Motion to Reconsider gives to Plaintiff the relief that she requested in this action, and the action is moot.  See Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001) (citations omitted); see also Davies v. Holder, No. 6:10-cv-1622, 2011 WL 2457813, *8 at n.8 (M.D. Fla. Jun. 2, 2011); Chertoff, 2008 WL 2227504 at *1-2.

Because the relief that Plaintiff requests has been granted, Plaintiff's Complaint is moot, and the Court lacks subject matter jurisdiction over this action.

      2.     Plaintiff's APA Claim

Even if subject matter jurisdiction existed, Plaintiff cannot establish that the APA confers general jurisdiction for the Court to review Defendants' decision to deny her I-485 Application.[6] The "agency actions" that Plaintiff challenges in her Complaint are based exclusively on discretionary acts authorized by the INA. Congress has expressly precluded district courts from exercising jurisdiction over discretionary actions committed to the Attorney General, DHS, or USCIS by the INA.[7] See 8 U.S.C. § 1252(a)(2)(B); see also Arias v. U.S. Atty. Gen., 482 F.3d

---

[6] The APA, 5 U.S.C. §§ 500 et seq., authorizes lawsuits by "person[s] suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute . . . ." 5 U.S.C. § 702. The APA allows judicial review of agency actions when the action is "made reviewable by statute" or the action is a "final agency action for which there is no other adequate remedy in a court." Id. § 704. "[A] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." Id. The APA defines "agency action" to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." Id. § 551(13).

[7] An exception to this rule is Section 106 of the REAL ID Act which allows "federal jurisdiction over constitutional and legal challenges to decisions denying discretionary relief under Section 1255(i) . . . in the courts of appeals-not in the district courts." See REAL ID Act of 2005, Pub.L. 109-13, 119 Stat. 231 (May 11, 2005); see also Sillah v. Lara, 275 F. App'x 822, 824 (11th Cir. 2008) ("only the courts of appeal retain jurisdiction to consider constitutional . . . challenges to decisions pertaining to the denial of discretionary relief").

1281, 1283 (11th Cir. 2007); Zheng v. Chertoff, No. 8:07-cv-1749, 2008 WL 2229671, at *4 (M.D. Fla. May 28, 2008) ("the discretion decision to deny adjustment of status is unreviewable").  Plaintiff's Complaint is required to be dismissed for this additional reason.[8]

       3.     Plaintiff's Response

Plaintiff, who is represented by counsel, appears to argue, for the first time in her Response, that Defendants' decision to deny her I-485 Application violated her due process rights under the United States Constitution because "Defendants can and should accept the type of evidence provided by Plaintiff to prove [her] physical presence, yet they continue to do so without any justification whatsoever." (Resp. at 4).  This argument was not raised in Plaintiff's Complaint and the Court

---

[8] To the extent Plaintiff asserts that she has exhausted her administrative remedies and there is "[n]o other remedy . . . leaving [Plaintiff] [with] no opportunity to appeal," Plaintiff's assertion is misplaced.  (Compl. ¶ 8).  Plaintiff has the option to renew her I-485 Application in removal proceedings.  See 8 C.F.R. 245.2(a)(5)(ii).  Plaintiff does not offer any evidence to suggest that USCIS has initiated removal proceedings against her or that she has requested an adjustment of her status from an immigration judge.  See 8 C.F.R. §§ 1240.1(a)(1), 1240.00(a)(1); Ibarra v. Swacina, 628 F.3d 1269, 1270 (11th Cir. 2010) (quoting Pinho v. Gonzales, 432 F.3d 193, 202 (3d. Cir. 2005)) (an adjustment of status decision "is final where there are no deportation proceedings pending in which the decision might be reopened or challenged"); Cardoso v. Reno, 216 F.3d 512, 518 (5th Cir. 2000) (plaintiff did not exhaust her administrative remedies because she had to option to renew her request for adjustment of status "upon commencement of removal proceedings").  Plaintiff must first exhaust her administrative remedies.

will not consider it.  See Huls v. Liabona, 437 F. App'x 830, 832 n.4 (11th Cir. 2011); see also Rule v. Chase Home Fin. LLC, No. 3:11-cv-146-CAR, 2012 WL 1833394, at *4 (M.D. Ga. May 18, 2012) ("Plaintiff is not proceeding *pro se,* and therefore this Court is under no obligation to construe these additional allegations as a motion to amend the Complaint.").

Even if properly raised, Plaintiff "is only couching the USCIS's use of discretion as a constitutional claim, which [does] not create jurisdiction." See Aguilera v. Dist. Dir., USIS et al., 423 F. App'x 916, 919 (11th Cir. 2011); see also Zheng, 2008 WL 2229671, at *4-5 ("[Plaintiff] may not evade the jurisdictional bar . . . by re-characterizing a challenge to the denial of [her] application and motion to re-open as an action under the APA to compel [Defendants] to consider [her] pertinent evidence).

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [4] is **GRANTED** and this action is **DISMISSED**.

**SO ORDERED** this 27th day of July, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE